LONNIE MARCHEL TISDALE V. STATE

No. 33,888. December 6, 1961
Motion for Rehearing Overruled March 14, 1962

*Allen, Allen & Reavis,* Perryton, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Presiding Judge.

The offense is driving a motor vehicle upon a public road while intoxicated; the punishment, 3 days in jail and a fine of $50.

The evidence shows that appellant was intoxicated and was driving an automobile. The arresting officers so testified and it was shown that a sample of his blood showed that it contained .32 percent alcohol, .10 percent or more indicating intoxication.

After the state had introduced its evidence, appellant moved for a directed verdict upon the ground that the state had failed to prove that the offense alleged was committed in Ochiltree County.

Patrolman Harvey Deharde testified in part:

"Q. When did you last see Mr. Tisdale, before today? A. December 30th of this past year * * * it was on a Friday night.

"Q. Of 1960? A. Yes, sir.

"Q. In what county? A. Ochiltree County.

"Q. Whereabouts in Ochiltree County? A. The first time I

saw Mr. Tisdale that evening was after stopping him approximately ten miles south of Perryton on State Highway 70. * * *

"A. I first observed Mr. Tisdale at the intersection of U. S. 83 and State Highway 70. * * *

"Q. Seven miles south of town? A. Yes. We were heading north, my par*d*ner and I. * * * A. We were coming north approaching the 'Stop' sign there, had slowed to make a stop when we first observed Mr. Tisdale coming off of U.S. 83, coming from the direction of Perryton, and he was turning right onto State Highway 70 going toward Pampa."

In view of this evidence, the trial court did not err in declining to instruct a verdict of not guilty.

Appellant's remaining ground for reversal is his Bill of Exception No. 3, relating to the oath administered to the jury.

The bill certifies that the clerk read the oath to the jury which we note is in the form provided in Texas Rule of Civil Procedure 236, and appropriate to be administered to a jury panel. It further certifies that after the state had closed, motion for directed verdict for the reason that the jury had not been properly sworn as required by law was overruled, to which appellant excepted.

The contention is advanced that reversal should be ordered because the oath provided by Art. 639, C.C.P. was not administered to the jury selected.

The bill of exception does not present this question for review.

It certifies that the appropriate oath for the panel of jurors was administered. It does not certify that the jury selected was not also sworn as provided in Art. 639, C.C.P., "in the case of the State of Texas against the defendant".

The judgment is affirmed.